10-3765-cv
Jiggetts v. Tristar Patrol Service, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.

PRESENT:
        RALPH K. WINTER,
        ROSEMARY S. POOLER,
        BARRINGTON D. PARKER,
            *Circuit Judges.*

_____

Kyle Jiggetts,

        *Plaintiff-Appellant,*

        v.                              10-3765-cv

Tristar Patrol Service, Inc., Special Service Bureau,

        *Defendants-Cross-Claimants,*

NYC Department of Citywide Administration Services,

        *Defendant-Cross-Defendant-Appellee.*

_____

FOR APPELLANT:     Kyle Jiggetts, *pro se*, New York, New York.

FOR APPELLEE:        Susan Paulson, Assistant Corporation Counsel, New York City Law Department, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*; Ellis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant, *pro se*, appeals from the district court's order granting summary judgment to Defendant-Cross-Defendant-Appellee, and dismissing his discrimination and retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"); and the Americans with Disabilities Act of 1990, 29 U.S.C. §§ 12112 *et seq.* ("ADA"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). However, "conclusory

2

statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the magistrate judge in his thorough and well-reasoned report and recommendation.

We have considered Appellant's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk